# TABLE OF CONTENTS

|                | **Page** |
|----------------|----------|
| EXHIBIT A      | 1 - 24   |
| EXHIBIT B      | 1 - 2    |

 CT Corporation

**Service of Process Transmittal**
04/12/2021
CT Log Number 539368151

**TO:**  Dorrin Akbari
Affirm, Inc.
650 CALIFORNIA ST., 12TH FLOOR
SAN FRANCISCO, CA 94108

**RE:  Process Served in California**

**FOR:**  Affirm Loan Services LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**  CHRISTINE DIAZ GONZALEZ, Pltf. vs. AFFIRM LOAN SERVICES, LLC and EXPERIAN INFORMATION SOLUTIONS INC., Dfts.

**DOCUMENT(S) SERVED:**  -

**COURT/AGENCY:**  None Specified
Case # 37202100015843CLMCCTL

**ON WHOM PROCESS WAS SERVED:**  C T Corporation System, Los Angeles, CA

**DATE AND HOUR OF SERVICE:**  By Process Server on 04/12/2021 at 13:34

**JURISDICTION SERVED :**  California

**APPEARANCE OR ANSWER DUE:**  None Specified

**ATTORNEY(S) / SENDER(S):**  None Specified

**ACTION ITEMS:**  CT has retained the current log, Retain Date: 04/12/2021, Expected Purge Date: 04/17/2021

Image SOP

Email Notification,  Dorrin Akbari  litigation@affirm.com

**REGISTERED AGENT ADDRESS:**  C T Corporation System
818 West 7th Street
Los Angeles, CA 90017
866-539-8692
CorporationTeam@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A
Page 1



# PROCESS SERVER DELIVERY DETAILS

**Date:**                         Mon, Apr 12, 2021

**Server Name:**                  Jimmy Lizama

| Entity Served | AFFIRM LOAN SERVICES LLC |
|---|---|
| Agent Name | C T CORPORATION SYSTEM (C0168406) |
| Case Number | 37-2021-00015843-CL-MC-CTL |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/09/2021** at 03:29:23 PM

Clerk of the Superior Court
By Marc David, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Experian Information Solutions, Inc., and Affirm Loan Services, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Christine Diaz Gonzalez

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central Division - Hall of Justice<br>330 West Broadway<br>San Diego, CA 92101 | **CASE NUMBER:** *(Número del Caso):*<br>37-2021-00015843-CL-MC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joshua B. Swigart, Esq., 2221 Camino del Rio South, Ste 308, San Diego, CA 92108; (866) 219-3343

DATE: 04/12/2021                          Clerk, by _____, Deputy
*(Fecha)*                                         *(Secretario)* M. David    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify):* Affirm Loan Services, LLC

under: ☐ CCP 416.10 (corporation)             ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corporation Code: 17061 (Limited Liability Company)
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

EXHIBIT A
Page 3

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/09/2021** at 03:29:23 PM
Clerk of the Superior Court
By Marc David, Deputy Clerk

1  Joshua B. Swigart (SBN 225557)
   Josh@SwigartLawGroup.com
2
   Juliana G. Blaha (SBN 331066)
3  Juliana@SwigartLawGroup.com
   **SWIGART LAW GROUP, APC**
4
   2221 Camino del Rio S, Ste 308
5  San Diego, CA 92108
   P: 866-219-3343
6

Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-222-7429
F: 866-219-8344

7  *Attorneys for Plaintiff*

8

9        **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

10                    **COUNTY OF SAN DIEGO**

11

12 CHRISTINE DIAZ GONZALEZ,        )   CASE NO.  37-2021-00015843-CL-MC-CTL
                                   )
13          Plaintiff,             )   [LIMITED JURISDICTION]
                                   )
14 vs.                             )
                                   )   COMPLAINT FOR DAMAGES FOR
15                                 )   VIOLATIONS OF
                                   )
16 AFFIRM LOAN SERVICES, LLC and   )
   EXPERIAN INFORMATION            )   THE FAIR CREDIT REPORTING
17 SOLUTIONS INC.,                 )   ACT, § 1681 *ET SEQ.*
                                   )
18                                 )
          Defendants.              )   THE CALIFORNIA CONSUMER
19                                 )   CREDIT REPORTING AGENCIES
                                   )   ACT, CAL. CIV. CODE § 1785.1
20                                 )   ET SEQ.
                                   )
21                                 )
                                   )   ROSENTHAL FAIR DEBT
22                                 )   COLLECTION PRACTICES ACT,
                                   )   CAL CIV. CODE §§ 1788-1788.32
23                                 )
                                   )
24                                 )   NEGLIGENCE
                                   )
25                                 )   JURY TRIAL DEMANDED
                                   )
26 _____     )
27

28

                              1
Complaint for Damages

## INTRODUCTION

1. The United States Congress has long been concerned with safeguarding consumers' personal information and privacy. Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq, to protect consumers and regulate those that buy and sell consumer reports aka credit reports. The FCRA provides rules for consumer reporting agencies regarding their responsibilities concerning fairness, impartiality, and a respect for consumers' rights to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties and restrictions on those that access consumer credit information to ensure they have a permissible purpose to do so.

2. The California legislature found that the banking system is dependent upon fair and accurate credit reporting.   As such, California enacted the California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal. Civ. Code § 1785.1 et seq, to ensure accuracy of consumer credit reports.   The CCCRAA imposes duties on those that furnish information to credit reporting agencies.

3. Further, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. The California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq, incorporates the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S. Code § 1692 et seq, through Cal. Civ. Code § 1788.17

EXHIBIT A
Page 5

4.  Christine Diaz Gonzalez ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Affirm Loan Services, LLC and Experian Information Solutions, Inc., (collectively "Defendants") for failing to maintain and follow reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer credit reports.

5.  Plaintiff alleges violations upon personal knowledge and experience. As to all other matters, Plaintiff bases the allegations on information and belief, including investigation conducted by Plaintiff's attorneys.

6.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7.  Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

8.  The violations were knowing, willful, and intentional and Defendants did not maintain procedures reasonably adapted to avoid any such specific violations.

9.  Unless otherwise indicated, the use of any Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

**JURISDICTION AND VENUE**

10. Jurisdiction of this court is proper for violations of the FCRA, 15 U.S.C. § 1681 *et seq* pursuant to 15 U.S.C. § 1681p.

11. Defendants are authorized to and regularly conducts business in the State of California, and thus, personal jurisdiction is established.

12. Venue is proper in San Diego because Plaintiff resides in San Diego County and the illegal acts alleged herein occurred in San Diego County.

///

///

3

Complaint for Damages

## PARTIES & DEFINITIONS

13. Plaintiff is, and at all times mentioned herein was, a natural person, individual citizen and resident of the State of California, County of San Diego, in this judicial district.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b) and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Experian Information Solutions, Inc. ("Experian") is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA, as it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports

15. Affirm Loan Services, LLC ("Affirm") is a "person" under Cal. Civ. Code § 1785.3(j). Affirm, in the ordinary course of business, regularly, on behalf of itself, or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b) and is therefore a "debt collector" under Civil Code § 1788.2(c).

16. At all times relevant herein Defendants conducted business in the State of California, in the County of San Diego, within this judicial district.

17. The cause of action herein pertain to Plaintiff's "consumer reports", as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA and by Cal. Civ. Code § 1785.3(d) of the CCCRA, in that inaccurate misrepresentations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

///

4

18.  Further, this case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### CCCRAA FACTUAL ALLEGATIONS

19.  Sometime prior to the filing of this action, Plaintiff incurred a debt to Affirm.

20.  On June 30, 2020, Plaintiff filed a Chapter Seven Bankruptcy in the Southern District of California under case number 20-03392-CL7.

21.  On August 9, 2020, the Bankruptcy Court granted a discharge of all of Plaintiff's relevant debts.

22.  On July 16, 2020, Affirm performed an unathorized account review inquiry and accessed Plaintiff's TransUnion credit report. Affirm gained credit information about Plaintiff during this unauthorized account review. Upon reviewing Plaintiff's credit information, Affirm was put on notice that Plaintiff was undergoing Bankruptcy proceedings.

23.  On December 26, 2020, Affirm performed a second unauthorized account review inquiry and accessed Plaintiff's TransUnion credit report. Again, Affirm gained credit information about Plaintiff during this unauthorized account review. Upon reviewing Plaintiff's credit information, Affirm was put on notice that Plaintiff's relevant debts had been discharged in Chapter 7 Bankruptcy.

24.  Despite both account review inquiries being unauthorized, Affirm was put on notice that Plaintiff was undergoing bankruptcy and should have acted accordingly. However, Affirm continued to furnish inaccurate information.

25.  On or about December 29, 2020, Plaintiff checked Plaintiff's Experian credit report and was surprised to see that Affirm was reporting two accounts as "Open." The first account was opened in January of 2020 and reported a "Recent Balance" of $31.00 as of December 2020. The second account was opened in May 2020 and reported a "Recent Balance" of $93.00 as of December 2020.

5

26. By furnishing inaccurate information to the credit bureau(s), Affirm has misrepresented the status of Plaintiff's financial obligations.

27. Affirm knew, or should have known, that the information furnished was inaccurate. By providing it, Affirm violated Cal. Civ. Code § 1785.25(a) that states;

> "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

28. The inaccurate information furnished and reported by Affirm negatively reflects upon Plaintiff, Plaintiff's credit history, Plaintiff's financial responsibility, and Plaintiff's credit worthiness.

29. As a result of Affirm's improper conduct, Plaintiff has suffered damages due to Affirm's misrepresentations.

30. Plaintiff has suffered actual damages in the form of worry, stress, lost time and spent energy. Plaintiff should not have to deal with this situation at all.

31. Affirm either knowingly or recklessly violated the CCRAA. There is no reasonable interpretation of the CCRAA which could consider Affirm's actions lawful. In People v. Bell, 45 Cal. App. 4th 1030, the court defined willfully and knowingly as requiring "only that the illegal act or omission occur 'intentionally,' without regard for the motive or ignorance of the act's prohibited character."

32. In addition, through this conduct, Affirm violated Cal. Civ. Code § 1788.17, which incorporates 15 U.S.C. § 1692f, by using unfair and unconscionable means in connection with the collection of an alleged balance.

**FCRA FACTUAL ALLEGATIONS – ACCOUNT REVIEW INQUIRY**

33. Companies are permitted to periodically access their customers' credit reports if their customers have active collectible accounts with the companies. This type of inquiry is referred to as an "account review inquiry" and is permissible under the FCRA.

6

34. As stated above, on June 30, 2020, Plaintiff filed a Chapter Seven Bankruptcy, and on August 9, 2020, the Bankruptcy Court granted a discharge of all of Plaintiff's relevant debts.

35. Once Claimant filed bankruptcy, Claimant had protection of the Automatic Stay under 11 U.S. Code § 362 and all collection efforts were ordered to cease by the Federal Bankruptcy Court.  Claimant's accounts with Respondent were frozen by law with no activity allowed including assessments, lawsuits, letters, calls or credit inquiries related to the account.

36. Nonetheless, on July 16, 2020, Affirm performed an unauthorized account review inquiry and accessed Plaintiff's TransUnion credit report.

37. On December 26, 2020, Affirm performed a second unauthorized account review and accessed Plaintiff's TransUnion credit report.

38. Claimant did not seek or inquire about Respondent's services after the bankruptcy was filed.

39. The inquiry was not for promotional purposes.

40. Affirm had no lawful reason to pull Claimant's credit report or attempt to collect the debt.

41. Affirm's inquiry, without Claimant's consent, falls outside the scope of any permissible purpose found in 15 U.S.C. § 1681b of the FCRA.

42. Furthermore, the RFDCPA prohibits the use of unfair or unconscionable means to attempt to collect a debt.

43. As a result of Affirm's actions, Claimant has suffered actual damages in the form of worry, stress, lost time and spent energy.  Claimant should not have to deal with this situation at all.

44. Affirm either knowingly or recklessly violated the FCRA.  There is no reasonable interpretation of the FCRA which could consider Affirm's actions lawful.  In People v. Bell, 45 Cal. App. 4th 1030, the court defined willfully and knowingly

7

1    as requiring "only that the illegal act or omission occur 'intentionally,' without

2    regard for the motive or ignorance of the act's prohibited character."

3  45.  Much like trespass to real property, an invasion of privacy may not cause

4    monetary damages, but it is considered a serious invasion nonetheless. Privacy is

5    a long-protected right in the United States.

6          **FCRA FACTUAL ALLEGATIONS – CONSUMER REPORT UPDATE**

7  46.  As stated above, on August 9, 2020, the Bankruptcy Court granted a discharge

8    of all of Plaintiff's relevant debts.

9  47.  On or about December 29, 2020, Plaintiff checked Plaintiff's Experian credit

10    report and was surprised to see that Experian was reporting the two Affirm

11    accounts stated above as "Open" and with "Recent Balances."

12  48.  Experian shows the account as still due and owing and able to be enforced and

13    collected.

14  49.  Experian's conduct was a violation of the injunction in *White, et al. v. Experian

15    Info. Solutions, Inc.*, Case No. CV 05-1070, which mandates Experian to update

16    the reports on its own after an account is discharged in Bankruptcy.

17  50.  Experian has no reasonable means of monitoring or updating accounts once they

18    are discharged in bankruptcy. Experian has been reporting derogatory and

19    inaccurate information relating to Plaintiff and his credit history to third parties.

20  51.  Experian is a professional credit reporting agency and its entire business revolves

21    around information and credit reporting. It is well-versed in bankruptcy and the

22    resulting discharge of debt that obligates it to report "$0 Balance".

23  52.  Experian has access to information on bankruptcy filing dates, court locations,

24    case numbers and discharge dates.

25  53.  Experian could obtain information related to each and every discharge issued by

26    a U.S. Bankruptcy court in a bankruptcy proceeding through Lexis and/or

27    PACER, an online court reporting service available to everyone.

28  ///

Complaint for Damages

54. PACER includes information regarding whether a debt has been discharged or remains due. Therefore, if Experian were to use services of which it is aware and has access, Experian could achieve a near perfect accuracy in the reporting of pre-bankruptcy debts.

55. Plaintiff's discharge information was readily available to Experian. But Experian does not have the proper procedures in place to utilize that information to ensure maximum possible accuracy, resulting in reporting errors, which is what happened to Plaintiff.

56. Lenders, and potential lenders, have accessed Plaintiff's reports while Experian's false information still existed on the credit reports, thereby misrepresenting Plaintiff's credit worthiness.

57. The inaccurate information negatively reflects upon Plaintiff, her credit history, financial responsibility, and credit worthiness.

58. Experian has denied Plaintiff a fresh start as provided by Title 11 of the U.S. code.

## FIRST CAUSE OF ACTION

### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE §§ 1785 ET SEQ.

### [AS TO AFFIRM]

59. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

60. As a furnisher of information, Affirm is required to comply with Cal. Civ. Code § 1785.25.

61. Affirm willfully furnished information to at least one credit reporting agency where Affirm knew or should have known the information was inaccurate in violation of Cal. Civ. Code § 1785.25(a).

62. Based on these violations of Civil Code § 1785.25, Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31 including statutory damages of $5,000

9

Complaint for Damages

1   from Affirm for each month of inaccurate furnishing, for each agency, actual

2   damages, attorney fees, costs, and injunctive relief

3   **SECOND CAUSE OF ACTION**

4   **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

5   **CAL. CIV. CODE §§ 1788-1788.32**

6   **[AS TO AFFIRM]**

7   63.   Plaintiff incorporates by reference the above paragraphs of this complaint.

8   64.   The RFDCPA, Cal. Civ. Code § 1788 et seq, prohibits unfair and deceptive acts

9         and practices in the collection of consumer debts.

10  65.   Affirm attempted to collect the debt and, as such, engaged in "debt collection"

11        as defined by Cal. Civ. Code § 1788.2(b).

12  66.   Affirm, in the regular course of business, engages in debt collection and is a "debt

13        collector" as defined by Cal. Civ. Code § 1788.2(c).

14  67.   Defendant used unfair or unconscionable means to collect or attempt to collect a

15        debt in violation of 15 U.S.C. § 1692f which violates Cal. Civ. Code § 1788.17.

16  68.   Defendant did not comply with 15 U.S.C. §§ 1692b to 1692j as required by Cal.

17        Civ. Code § 1788.17.

18  69.   Affirm willfully and knowingly violated the RFDCPA.  As a "debt collector"

19        under the RFDCPA Affirm is fully aware of California's debt collection laws,

20        including the RFDCPA and FDCPA as incorporated therein.

21  70.   A willful violation occurs where the violator intends to do the act which makes

22        up the violation.  In the case of *People v. Bell*, 45 Cal. App. 4th 1030, the court

23        found that the Penal Code definitions of "knowingly" and "willfully" were

24        persuasive in determining the intent of Civil Code Sections.  The court defined

25        willfully and knowingly as requiring "only that the illegal act or omission occur

26        'intentionally,' without regard for the motive or ignorance of the act's prohibited

27        character."

28  71.   Plaintiff is entitled to damages as a result of Affirm's willful violations.

Complaint for Damages

72. Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

73. The foregoing act and/or omission constitutes a violation of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

74. As a result of the violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Affirm.

**THIRD CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT (FCRA)**

**15 U.S.C. § 1681 ET SEQ.**

**[AS TO AFFIRM AND EXPERIAN]**

75. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

76. Affirm's inquiry, without Claimant's consent, falls outside the scope of any permissible purpose found in 15 U.S.C. § 1681b of the FCRA.

77. In addition, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information to furnish consumer reports to third parties, as defined in 15 U.S.C. § 1681a(d).

78. As a credit reporting agency, Experian is required to comply with 15 U.S.C. § 1681 et seq.

79. In preparing Credit Reports, Experian failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to the discharged debts of Plaintiff, in violation of 15 U.S.C. § 1681e(b).

///

///

11

80. As a result of Experian's failure to use reasonable procedures in accordance with the requriements of 15 U.S.C. §1681e(b), Experian erroneously reported as due and owing discharged debts of Plaintiff.

81. The above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. § 1681(b).

82. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for willfully and negligently violating the requirements imposed on Experian under 15 U.S.C. §1681e(b) to implement reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

83. Experian's conduct was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages, and harm to Plaintiff.

### FOURTH CAUSE OF ACTION

#### NEGLIGENCE

#### [AS TO AFFIRM]

84. Plaintiff realleges and incorporates the above paragraphs as though fully set forth herein.

85. Affirm owed a duty of care to Plaintiff to furnish correct information to credit reporting agencies.

86. Affirm's conduct proximately caused injuries to Plaintiff.

87. Due to Affirm's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

12

Complaint for Damages

88. Plaintiff believes and alleges that Affirm's conduct of furnishing incorrect information constitutes oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Affirm's conscious disregard for the rights of Plaintiff.  As such, Plaintiff is entitled to recover punitive damages from Affirm in an amount according to proof.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request the Court grant Plaintiff the following relief:

## CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.25
## [AS TO AFFIRM]

89. Actual damages pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

90. Statutory damages of $5,000 per violation, per account, per month of reporting, per agency pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

91. Injunctive relief to command Affirm to correct Plaintiff's credit reports and prohibit them from engaging in future violations of Cal. Civ. Code § 1785.25, pursuant to Cal. Civ. Code § 1785.31(b);

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§ 1788-1788.32
## [AS TO AFFIRM]

92. An award of any actual damages pursuant to California Civil Code § 1788.30(a);

93. Statutory damages of $1,000 for violation of Cal. Civ. Code § 1788, et seq pursuant to Cal. Civ. Code § 1788.30(b);

94. Cumulative statutory damages of $1,000 for violations of 15 U.S.C. § 1692 et seq pursuant to 15 U.S.C. § 1692k(a)(2) via Cal. Civ. Code § 1788.17 that reads;

> "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

1    And Cal. Civ. Code § 1788.32 that reads;

2        "The remedies provided herein are intended to be cumulative and
3        are in addition to any other procedures, rights, or remedies under
         any other provision of law."
4

5    95.   Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

6                    **FAIR CREDIT REPORTING ACT (FCRA)**

7                        **15 U.S.C. § 1681 *ET SEQ.***

8                    **[AS TO EXPERIAN AND AFFIRM]**

9    96.   Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

10   97.   Statutory damages of $1,000 per month of reporting pursuant to 15 U.S.C. §

11         1681n(a)(1);

12   98.   Such punitive damages as the court may allow pursuant to 15 U.S.C. §

13         1681n(a)(2);

14   99.   Injunctive relief to prohibit Experian from engaging in future violations;

15   100.  Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§

16         1681n(a)(3) and 1681o(a)(2);

17   101.  Any other relief the Court may deem just and proper including interest.

18                            **NEGLIGENCE**

19                          **[AS TO AFFIRM]**

20   102.  Plaintiff is entitled to actual and punitive damages in an amount to be established

21         at trial.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                    14

EXHIBIT A
Page 17

1

### TRIAL BY JURY

2    Pursuant to the seventh amendment to the Constitution of the United States of

3    America, Plaintiff is entitled to, and demand, a trial by jury on all counts so triable.

4

5    Date: April 9, 2021                **SWIGART LAW GROUP, APC**

6
                                         By:  s/ Joshua Swigart
7                                        Joshua B. Swigart, Esq.
                                         Josh@SwigartLawGroup.com
8

9                                        *Attorney for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joshua B. Swigart, Esq. (SBN 225557)<br>Swigart Law Group, APC<br>2221 Camino Del Rio South, Suite 308, San Diego, CA 92108 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |

TELEPHONE NO.: (866) 219-3343   FAX NO. *(Optional):* (866) 219-8344

ATTORNEY FOR *(Name):* Christine Diaz Gonzales

**04/09/2021** at 03:29:23 PM

Clerk of the Superior Court
By Marc David, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division - Hall of Justice

CASE NAME:
Christine Diaz Gonzales v. Affirm Loan Services, et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☒ Limited<br>(Amount<br>demanded is<br>$25,000) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2021-00015843-CL-MC-CTL |
| | | | JUDGE: Judge Ronald F. Frazier<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☒ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☒ punitive
4. Number of causes of action *(specify):* 4 (four)
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 09, 2021

Joshua B. Swigart                                *Joshua Swigart*
(TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

EXHIBIT 1
Page 19

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2021-00015843-CL-MC-CTL     CASE TITLE: Gonzalez vs Affirm Loan Services LLC [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

### Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

### Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Christine Diaz Gonzalez |
|---|
| DEFENDANT(S): Affirm Loan Services LLC et.al. |
| SHORT TITLE: GONZALEZ VS AFFIRM LOAN SERVICES LLC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2021-00015843-CL-MC-CTL |
|---|---|

Judge: Ronald F. Frazier                           Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)             ☐ Non-binding private arbitration

☐ Mediation (private)                       ☐ Binding private arbitration

☐ Voluntary settlement conference (private)     ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)           ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____     _____
Name of Plaintiff                                   Name of Defendant

_____     _____
Signature                                        Signature

_____     _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____     _____
Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 04/12/2021                        _____

                                          JUDGE OF THE SUPERIOR COURT

EXHIBIT A
Page 22

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7065 |

| PLAINTIFF(S) / PETITIONER(S): | Christine Diaz Gonzalez |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Affirm Loan Services LLC et.al. |
|---|---|

| GONZALEZ VS AFFIRM LOAN SERVICES LLC [IMAGED] | |
|---|---|

| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>37-2021-00015843-CL-MC-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Ronald F. Frazier                                    Department: C-65

**COMPLAINT/PETITION FILED:** 04/09/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/03/2021 | 11:00 am | C-65 | Ronald F. Frazier |

Due to the COVID-19 pandemic, all hearings will be conducted remotely until further notice. Absent an order of the court, personal appearances at the hearing will not be allowed. For information on arranging telephonic or video appearances, contact CourtCall at (888)882-6878, or at www.courtcall.com. Please make arrangements with CourtCall as soon as possible.

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed.  Original documents should not be filed with pleadings.  If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program").  As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file.  The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150.  The paper filing will be imaged and held for 30 days.  After that time it will be destroyed and recycled.  **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.**  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

1

1  Katherine A. Neben (State Bar No. 263099)
   kneben@jonesday.com
2  JONES DAY
   3161 Michelson Drive, Suite 800
3  Irvine, CA  92612.4408
   Telephone:   (949) 851-3939
4  Facsimile:   (949) 553-7539

5  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS,
6  INC.

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11 CHRISTINE DIAZ GONZALEZ,              CASE NO.

12           Plaintiff,                  **DEFENDANT EXPERIAN
                                         INFORMATION SOLUTIONS, INC.'S
13       v.                              JOINDER AND CONSENT TO
                                         REMOVAL OF ACTION**
14 AFFIRM LOAN SERVICES, LLC AND
   EXPERIAN INFORMATION SOLUTIONS,       Complaint Filed:    April 9, 2021
15 INC.,

16           Defendants.

17

18       Without waiving any of its defenses or any other rights, Defendant Experian Information

19 Solutions, Inc. ("Experian"), hereby consents to the notice of removal of this action from the

20 Superior Court of the State of California, San Diego County, wherein it is now pending, to this

21 Court.  Removal of this action is proper for the reasons set forth in the Notice of Removal and

22 Exhibits thereto filed by co-defendant Affirm, Inc.  Experian first received a copy of the

23 Summons and Complaint, the initial pleading setting forth the claim for relief upon which this

24 action is based, on April 12, 2021.

25

26

27

28

                                                          EXHIBIT B
                                                          Page 1
NAI-1518234674v1                              EXPERIAN JOINDER AND
                                              CONSENT TO REMOVE OF ACTION

2

1  Dated:  May 11, 2021                        Respectfully submitted,

2                                              Jones Day

3
                                               By:  */s/ Katherine A. Neben*
4                                                       Katherine A. Neben

5                                              Counsel for Defendant
                                               EXPERIAN INFORMATION SOLUTIONS,
6                                              INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                                                    EXHIBIT B
28                                                                    Page 2